NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUA HE,<br><br>                Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   21-70223<br><br>Agency No. A209-201-644<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2022
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.
Dissent by Judge R. NELSON.

Petitioner Hua He, a native and citizen of China, seeks review of the Board of

Immigration Appeals's (BIA) denial of his applications for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).[1] The Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]Petitioner did not address withholding of removal or CAT relief in his opening brief. Therefore, those issues are waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

Judge (IJ) found Petitioner not credible and denied all relief, and the BIA affirmed based on inconsistencies regarding Petitioner's address and his wife's medical appointments and intrauterine device (IUD). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review and remand to the BIA for further proceedings.

We review factual findings, including credibility determinations, for substantial evidence. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). In evaluating credibility, if a petitioner "offers a 'reasonable and plausible explanation' for [an] apparent discrepancy, the IJ must provide a specific and cogent reason for rejecting it." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (quoting *Soto–Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009)), *abrogated on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021). The IJ may only rely on an explained inconsistency in finding the petitioner not credible if it "reasonably rejects" the explanation or if the explanation is not "plausible." *Id.*

**1. *Petitioner's Addresses.*** The BIA failed to provide a "specific and cogent reason" for rejecting Petitioner's explanation for his inconsistencies regarding his address. When the IJ asked Petitioner why he listed only the Hezhang address on his application, Petitioner explained that this was his address in the Chinese "household registration system" and that in China this is the address that one uses when filling out forms. The record also establishes that Petitioner or his family owned the

2

Hezhang residence throughout the relevant period.

Both the IJ and BIA acknowledged Petitioner's explanation, but they rejected it because the asylum application questions were read to Petitioner when he filled out his form. This was error. Petitioner's explanation for listing his Chinese household registry address was "reasonable and plausible" even if the asylum application questions were read to him. Thus, the IJ and BIA failed to provide a "specific and cogent reason" for rejecting his explanation. *Rizk*, 629 F.3d at 1088; *see Soto-Olarte*, 555 F.3d at 1091 ("[I]n order to ensure a fair hearing, the BIA [must] not only identify specific inconsistencies, but also *address in a reasoned manner the explanations that the petitioner offers for these perceived inconsistencies*." (cleaned up)). Accordingly, we reject the BIA's finding that Petitioner was not credible based on discrepancies in his address.

**2. *Wife's Medical Appointments.*** The IJ questioned Petitioner about perceived inconsistencies in his testimony about whether or not he attended his wife's medical appointments with her. Petitioner explained that he initially misspoke when he said he attended the appointments with her because he thought the IJ was asking "whether we went to the checkup, not specifying one person alone or two people went together." He also explained that he did not personally attend the appointments because only women were allowed.

The IJ rejected Petitioner's explanation "because of the specificity in which

3

the Court needed to ask the question." Again, in the context of this record, we conclude that this was not a "specific and cogent" reason where the Petitioner clearly explained what he thought the IJ initially had asked and why he misunderstood the question. Thus, we conclude that this basis for finding Petitioner not credible was not supported by substantial evidence. *See Ren v. Holder*, 648 F.3d 1079, 1086–87 (9th Cir. 2011) (finding that a "quickly-corrected innocent mistake . . . cannot form the basis for an adverse credibility determination.").

3. ***Wife's IUD.*** Finally, the IJ doubted that Petitioner's wife had an IUD after their first child, as Petitioner's claimed, and asked Petitioner how it was possible for his wife to get pregnant the second time if this device was inserted. Petitioner was unable to provide a scientific explanation, but he attempted to explain by stating his belief that the IUD "fell off," that it was not in place when he discovered his wife's second pregnancy, and that information about the IUD was recorded in his wife's family planning booklet. *See Shrestha v. Holder*, 590 F.3d 1034, 1044–45 (9th Cir. 2010) (recognizing that "the normal limits of human understanding" may make some inconsistencies present in any case).

The BIA concluded that Petitioner did "not sufficiently explain how the booklet resolve[d] the discrepancy in his testimony," but the booklet has a column titled "IUD (Pregnancy) Status" with notations on different dates reporting her pregnancy status. The BIA failed to explain why this evidence did not support

4

Petitioner's testimony that information about the status of his wife's IUD was recorded in the family planning booklet.

Because we conclude that the grounds the BIA relied on in finding Petitioner not credible were not supported by substantial evidence under the "totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), we remand to the BIA for further consideration of Petitioner's credibility.

**PETITION GRANTED; REMANDED**.

*Hua He v. Garland*, No. 21-70223

R. NELSON, Circuit Judge, dissenting:

Hua He petitions for review of the IJ's adverse credibility finding that was affirmed by the BIA. Because the BIA provided specific reasons for rejecting He's explanations for inconsistencies and the BIA's decision is supported by substantial evidence in the record, I would deny the petition.

The BIA first affirmed the IJ's adverse credibility determination because of the inconsistencies in the address provided by He in his asylum application. He's "asylum application provided that he lived at one address from March 1989 to June 2016," but "his testimony [stated] that he lived at several different addresses during this period." He argues that his address on the asylum application was "technically . . . correct[]," and that this was his address in the Chinese "household registration system" and the address He used in China. The BIA found this "explanation unconvincing" and also relied on the fact that "the asylum application [questions] were read to the respondent."

The majority held that "[t]he BIA failed to provide a 'specific and cogent reason' for rejecting Petitioner's explanation for his inconsistencies regarding his address." Majority 2. The BIA did provide a reason for rejecting Petitioner's explanation, however, finding it unconvincing, especially since the questions were read to He. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *abrogated on*

1

*other grounds* (the BIA "is not obliged to provide a protracted written or oral analysis of the alien's proffered explanation.").

The BIA also relied on inconsistencies in He's testimony about his wife's IUD in affirming the IJ. He says that he testified inconsistently about whether he attended his wife's checkups because he misunderstood the question. But the IJ's question was specific—He said that he misunderstood, but a reasonable judge could also conclude that he was lying. In addition, the IJ rejected He's explanation because of the specificity used to ask the question. He also said that he knew about the IUD coming out because it was in a medical booklet, but then said that the booklet didn't specifically say anything about the IUD. A reasonable judge could use these points to support an adverse credibility determination.

Because the adverse credibility determination is supported by substantial evidence, I would deny the petition.